UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTIN K.-M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C21-5320-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

BACKGROUND

Plaintiff was born in 1976, has one year of college education with job training in animal research, and has worked most recently as an animal husbandry program coordinator at the University of Washington. AR 39, 175. Plaintiff was last gainfully employed in 2018. AR 39.

In July 2018, Plaintiff applied for benefits, alleging disability as of January 5, 2018. AR 156-57. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

requested a hearing. AR 97-99, 101-03, 106-07. After the ALJ conducted a hearing in October 2020 (AR 30-65), the ALJ issued a decision finding Plaintiff not disabled. AR 15-25.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two**: Plaintiff has the following severe impairments: right shoulder arthritis, impingement syndrome, lumbar degenerative disc disease, cervical degenerative disc disease, seronegative rheumatoid arthritis, fibromyalgia, posttraumatic stress disorder, depressive disorder, and anxiety disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**: Plaintiff can perform sedentary work with additional limitations: she can lift/carry 10 pounds occasionally and less than 10 pounds frequently. She can stand/walk two hours in an eight-hour workday. She can sit six hours in an eight-hour workday. She can occasionally climb ramps and stairs, and can never climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She is limited to occasional reaching with the right upper extremity. She can frequently handle and finger bilaterally. She can perform simple, routine tasks. She can have occasional superficial interaction with co-workers and the public.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-25.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1.

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in assessing the medical opinion evidence, namely the opinions of a State agency consultant and an examining psychologist. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Erred in Assessing the State Agency Opinion

A State agency psychological consultant, Bruce Eather, Ph.D., opined *inter alia* that Plaintiff is "capable of performing a regular 40 hr work week w/ occasional [concentration, persistence, and pace] interruptions due to psychological [symptoms]" and "capable of occasional superficial contact w/ coworkers, supervisors, and the public in the workplace." AR 92-94. The ALJ found Dr. Eather's opinion to be persuasive, indicating that he accounted for the limitations described therein "by limiting [Plaintiff] to simple routine tasks and occasional superficial interaction with coworker[s] and the public." AR 23-24.

Plaintiff argues that the ALJ did not fully account for Dr. Eather's opinion because the ALJ did not explain how Plaintiff could perform full-time work and yet experience occasional interruptions in concentration, persistence, and pace, and because the ALJ's RFC assessment does not restrict Plaintiff's ability to interact with supervisors. Dkt. 11 at 3-4.

The Commissioner argues that Dr. Eather's opinion as to concentration, persistence, and pace limitations is consistent with the ALJ's RFC assessment because Dr. Eather himself opined that Plaintiff was capable of completing a workweek despite her deficits. Dkt. 12 at 6. The Court agrees: when this section of Dr. Eather's opinion is read in its entirety, the Court finds it to be consistent with the ALJ's RFC assessment and therefore the ALJ did not err in failing to provide a rationale for discounting it. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

As to Dr. Eather's opinion regarding Plaintiff's ability to interact with supervisors: the Commissioner points to other evidence in the record suggesting that Plaintiff's limits on supervisory contact were not disabling and/or not as severe as Dr. Eather opined. Dkt. 12 at 6.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 4

These arguments do not, however, alleviate the ALJ's obligation to explain why he did not fully account for all of the social limitations listed in Dr. Eather's opinion. That evidence may have supported the ALJ's discounting this portion of the ALJ's decision, but the Court cannot rely on this post hoc rationale for discounting Dr. Eather's opinion when the ALJ provided no such reasoning himself. Because the ALJ's RFC assessment is inconsistent with the supervisory limitation referenced in Dr. Eather's opinion, and the ALJ provided no reason to discount that or any other portion of Dr. Eather's opinion, the ALJ must reconsider that part of Dr. Eather's opinion on remand. *See, e.g.*, *Dennis v. Colvin*, 2015 WL 3867506, at *8 (D. Or. Jun. 20, 2015) ("When the ALJ credits the opinion of a medical source which includes the limitation on the ability to interact appropriately with supervisors, the omission of this specific, concrete limitation in the RFC is error because it is a limitation not requiring 'capturing' or 'translation' and limitations on interactions with the public or coworkers do not address the separate dynamic created by the supervisory relationship.").

    **B.**    **The ALJ Did Not Harmfully Err in Discounting an Examining Psychologist's Opinion**

Bruce Duthie, Ph.D., examined Plaintiff in December 2018 and wrote a narrative report (AR 527-30) describing Plaintiff's symptoms and limitations, opining in relevant part:

> [Plaintiff's] memory was mildly impaired. She could remember two out of three words after several minutes and could repeat six digits forward and three digits backward. Her thinking was abstract. Her fund of knowledge was intact. Her intellectual functioning was estimated to be within normal limits. She had reasonably good insight, judgment, and impulse control.
>
> [Plaintiff] will have mild difficulty understanding and remembering simple instructions; she will have moderate difficulty carrying out simple instructions. She will have mild difficulty in her ability to make judgments on simple work related decisions. She will have moderate difficulty understanding and remembering complex instructions. She will have marked difficulty carrying out complex instructions. She will have moderate difficulty in her ability to make judgments on complex work related decisions.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

> [Plaintiff] will have mild difficulty interacting appropriately with the public, supervisors, and coworkers. She will have marked difficulty responding appropriately to usual work situations and to changes in a routine work setting.

AR 530.

The ALJ found Dr. Duthie's opinion to be unpersuasive because it was not entirely consistent with Dr. Duthie's many normal mental examination findings and inconsistent with Plaintiff's mental health treatment notes, "which show [her] symptoms improved and [were] overall stable." AR 23. The ALJ also emphasized that Plaintiff did not demonstrate any cognitive limitations on mental status examinations. AR 23. Plaintiff argues that the ALJ's reasons to discount Dr. Duthie's opinion are not legally sufficient.

In assessing Plaintiff's 2018 application for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the United States Court of Appeals for the Ninth Circuit. *See* Dkt. 12 at 3-4. Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions. It is not, in any event, clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect. The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must

remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With these regulations and considerations in mind, the Court proceeds to Plaintiff's arguments challenging the ALJ's assessment of Dr. Duthie's opinion.

Plaintiff first argues that the ALJ erred in relying on the normal findings contained in Dr. Duthie's mental status examination, in finding Dr. Duthie's opinion inconsistent with those, because Dr. Duthie himself acknowledged his own normal findings. Dkt. 11 at 5. Indeed, Dr. Duthie's medical source statement references some normal findings as support for his conclusions that Plaintiff would have only mild limitations in certain areas. AR 530. The ALJ cited other normal findings regarding concentration but also acknowledged that Plaintiff "displayed some deficits in concentration" (AR 23), which fails to explain why Dr. Duthie's conclusions were inconsistent with his findings.

But even if this line of reasoning is not legitimate, the ALJ provided other valid reasons to discount Dr. Duthie's conclusions, thus rendering this error harmless. The ALJ contrasted Plaintiff's mental health treatment notes, demonstrating improvement in depression and many normal findings as to concentration, with Dr. Duthie's opinion that Plaintiff's poor concentration and depression would preclude full-time work. *Compare* AR 22-23 (citing AR 527-30, 572, 655, 662, 1023, 1027-28, 1031, 1044, 1048, 1052, 1066, 1073, 1075, 1078, 1084) *with* AR 529. Although Plaintiff contends that her activities documented in her treatment notes do not demonstrate an ability to work full-time (Dkt. 11 at 6), the ALJ cited the treatment notes more broadly for a different reason: the ALJ contrasted the evidence of improvement, as demonstrated via activities, test results, and self-reporting, as evidence that was inconsistent with the

1   limitations identified by Dr. Duthie.  *See* AR 23 (referencing AR 22).  Plaintiff has not shown
2   that the ALJ was unreasonable in finding these treatment notes to be inconsistent with Dr.
3   Duthie's conclusions, and this is a valid reason to discount Dr. Duthie's opinion.  *See*
4   *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record
5   properly considered by ALJ in rejection of physician's opinions); *Thomas*, 278 F.3d at 957 (ALJ
6   may consider improvement with treatment in discounting physician's opinion).

7   Furthermore, the ALJ noted that Plaintiff consistently displayed no significant cognitive
8   impairment (AR 23), which is inconsistent with Dr. Duthie's finding that Plaintiff had disabling
9   concentration deficits because concentration is one aspect of cognition.  *See, e.g.*, *Garrison v.*
10  *Colvin*, 759 F.3d 995, 1003 (9th Cir. 2014) (quoting a medical opinion referencing "'cognitive
11  functions such as attention, concentration, processing speed and short-term memory'").  Because
12  cognition is broader than acknowledged by Plaintiff, and does not refer only to intellectual
13  functioning (Dkt. 11 at 6), Plaintiff has not shown that the ALJ unreasonably contrasted
14  Plaintiff's lack of cognitive impairment with Dr. Duthie's conclusions regarding Plaintiff's
15  concentration.  The ALJ did not err in discounting Dr. Duthie's opinion on this basis.  *See*
16  *Tommasetti*, 533 F.3d at 1041.

17  Because Plaintiff has not shown that the ALJ harmfully erred in discounting Dr. Duthie's
18  opinion, the Court affirms this portion of the ALJ's decision.

## CONCLUSION

20  For the reasons set forth above, the Commissioner's final decision is **REVERSED** and
21  this case is **REMANDED** for further administrative proceedings under sentence four of 42
22  U.S.C. § 405(g). On remand, the ALJ should reconsider Dr. Eather's opinion that Plaintiff is

limited to occasional superficial supervisor contact and either credit it or provide a legally sufficient reason to discount it.

Dated this 16th day of November, 2021.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge